Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. We have four appeals to hear this morning. The first is unusual in that we will only be hearing from one attorney. Counsel, we're familiar with your cases, all of you this morning. We've read your briefs, the authority cited in your briefs. We've looked at the record. You have limited time, so feel free to get to the heart of your argument. Make the points that you feel are the most important. You're unlikely to be able to say everything that you want to say, but try to keep the key points in mind. We're probably going to have some questions this morning. Be mindful of the clock. When your time is up, be respectful of our time, please. If you're answering a question from the court, though, feel free to finish your answer. If you have some rebuttal time, you won't be surrendering any of that. We're going to start with United States v. Lee. We're here to hear from you, Mr. Lee, and only you. Please feel free to begin. Good morning. May it please the court. It is my pleasure this morning to represent my firm, my co-counsel. Unfortunately, I represent myself, and we all know what that means about me at this particular point in time. That all being said, I don't have a lot to say on this one. Procedurally, I think it's pretty straightforward. If I could point the court to the docket. I think the first thing we have to figure out is what we have jurisdiction to review and what we do not. Insofar as your arguments pertain to the merits of the determination by the district court, our Owen decision, which my colleague, Cousin Jill Prior wrote, makes clear that we don't have jurisdiction to review the merits of that determination, only procedural issues. Insofar as you've argued that we should be reviewing whether funds were available for payment from or on behalf of a person furnished representation, it seems to me that we don't have jurisdiction to review that question. Well then, even on a procedural basis, once we get into the Rule 44, there's a series of inquiries there, but then once we get to the point at which we're ordering funds to be redeposited, then I would say that procedurally, there is a question of whether the district court had any jurisdiction to do that. At the end of the day, the only basis that was cited by the district court was actually not even hers. I have to give Mr. Hertzberg credit for that. He's the one that found the footnote to even suggest that there was a procedure in place to justify this. What's your procedural argument? It seems to me the procedural arguments have to be whether the due process, that is, noticing an opportunity to be heard about this issue, right? Yes, and whether or not there are also procedural bars to the situation even occurring. The case law is relatively straightforward. I mean, that sounds to me like a merits determination. Insofar as your argument is, the district court was wrong to conclude that these were funds available, that's the merits. That's not a procedural issue. You see what I'm saying? I mean, you can disagree with me. I just want to hear your perspective about that. Right. I would argue to you that the strongest case then under your perception of the case matter is that 3006 AF, you cannot order funds to be deposited into the registry once you've already held that the defendants are indigent. So there's a procedural bar. And I would say, like I say, that decision was procedurally impossible to be made once the determination had been made earlier in the docket that they were indigent and appointed counsel was appointed. So procedurally... What's your authority for that argument, Mr. Lee? There's a Fifth Circuit case, US v Jimenez, 600 F2D 1172. And there is a finding in there that once the defendant has become indigent, it precludes an order to repay. It was cited in the last part of our brief. Is that in the context of this statute? Yes, in 3006 A f of the CGA Act. You make an argument that the district court erred in dispersing funds to the treasury too soon because the court should have waited until appointed counsel submitted vouchers. But I don't see how you have a stake in that issue or why you have standing. Can you explain that? Yes, ma'am. That goes to the procedure outline for the implementation of 3006 A f. So in order to make... You have to already have funds available. The determination has to be made that the funds belong to the defendant and the amount that belongs to the defendant. All those determinations have to be made in the context of the availability question. And so you have to have all those things in place before you then go and order an amount to be put into the registry. Here, Vineyard just made an arbitrary determination that he was going to take 15 of the 21 that we were paid. There was no basis for it. There was no inquiry before that of any meaning and definitely not anything as contemplated on the CGA because the CGA doesn't even come into effect until, like I said, Mr. Hertzberg makes the off suggestion much, much, much, much later in the process that perhaps in hindsight, this should have been the framework we proceeded under, or maybe this was the applicable thing to have done. But by that point in time, there had already been made several determinations that preclude the CGA from being applicable. And so procedurally, we're just in the wilderness. Mr. Lee, let me ask you this question. Understanding that we can only review the procedural aspects of this, not the merits, as Judge Pryor's talked about, one of the texts of the statute talks about an appropriate inquiry. Do you think that's something we can look at, whether the inquiry was appropriate? I think that is one of the most important points, because that goes back to, you essentially need a trigger for that. And like I said, to the extent we're going to retroactively apply the CGA as being the basis for the entire inquiry being started, I think, like I said, the failure to make those initial determinations off the bat precludes, in hindsight, going back and saying, oh, procedurally, we were authorized to do this because we're following the procedure laid out in the CGA, when that was never the articulated basis. We started from this as a request for refunds from the family. And then once the family decided they did not want refunds, then we morphed procedurally into something else. And so, as I understand it, what happened here was the district court ordered these funds, paid into the registry of the district court, and issued a show cause order to you, and wanted an accounting of the funds, and gave you multiple opportunities to show what fees had been earned and what fees had not. And we can't get into the merits of that determination. But if the question is whether there was an appropriate inquiry, the district court, time and again, gave you an opportunity to make that showing. Isn't that true? No. Because I would suggest to you, Judge, that the decision to remove the funds had been made before any inquiry was made. I mean, he literally, at the beginning of the process, says, I'm taking this money, deposit $15,000, and we're going to refund it to the families. Then when that didn't work, he then switched over to this thing about, well, Sui Sponte, I'm going to go in and set aside your contract and make a decision about what you've earned and what you haven't. And there's just, I mean, procedurally, Judge, we both know there's no basis, Sui Sponte, for that to happen. I don't know that. True. It's impossible to prove the negative. I'll concede that. No, no, no, no. I don't know that the district court doesn't have that power, Sui Sponte, to ensure where public funds are being used to pay for representation of indigent defense. It seems pretty clear to me that the statute gives the court the authority to make an appropriate inquiry to make sure that funds that are available can be paid back to the government. And what am I missing? Doesn't the district court have the authority to do that on its own? No, sir. Not when she's already determined that there are no funds available. That's the point of the procedural bar from Jimenez. Once you make the determination that the defendant has no funds available, that pretty much precludes you from coming back and saying, oh, but wait, there are funds available. Somebody paid the attorney. Not only is that not the defendant's money, but it's not even something you've already ruled that that money does not belong to the defendants. So like I said, once you say the defendants don't have funds available to them, then you don't have a basis under the CGA to proceed any further. Once that determination is made, and it was made prior to us doing anything. It's over. The inquiry is over. When the magistrate judge ordered the funds to be put into the registry of the court, that's essentially like an escrow, right? At that point, the funds had not been taken from you. And Judge Vineyard said repeatedly, I will give you an opportunity to prove your entitlement to those funds, but you didn't come forth with the information. No, we did. We gave him all the affidavits and everything, but we weren't. I do not think there's a basis in the case law for that ever happening. Am I right about what? Was I correct in my recitation of what Judge Vineyard did? Oh, I would disagree with your interpretation of it as he asked it to be put in escrow. That was a seizing. Well, in the court, into the registry of the court. But once it's removed from me, the money's been taken. You can't a priori remove funds and then go back later and say, I'll hold an inquiry now. Were some of the funds returned to you? Pardon? Were some of the funds? There were no funds that were determined to be, I thought there were. Oh, no, no, no. After the fact, I want to say. Yeah, you got some of the money back, right? No, the checks were never, nothing was ever returned. The firm didn't get some of the money back? No. So the entire 15 is still in escrow. Because you appealed, you were going to get 8,000. Oh, yeah. Yeah. The court determined that some of those fees should go back to the firm, right? Yes, that was ultimately one of the holdings. Okay. But again. It seems to me, if you just look at the text of the statute, it cuts off this idea that the district court can't make this determination for any defendant once indigency has been determined. Because this is what it says. Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person, furnished representation, that is, this is already a person who's been determined to be constitutionally required to have a right to representation. It may authorize or direct that such funds be paid to the appointed attorney. Right? But the trigger there, Judge, is that the prerequisite holdings must have been made. And you can't simultaneously hold that the person is indigent and yet has funds available for their own. See, that's just the point I was just making. It seems to me that the statute expressly contemplates that there can be an appointment made for indigent representation. There's been a determination that this person is indigent and is owed representation. But nevertheless, the magistrate judge or court can find that there are funds available for the payment of that representation, at least partial payment of that representation. That seems to cut squarely against your argument. But again, Judge, I think we're chasing each other's tails. The problem with invoking that jurisdictional basis is that you have to satisfy the two prongs before. If you don't have funds available, then you don't have the right to then go in and- That was the whole point of the inquiry. That was the whole point of the inquiry. That's why Judge Vineyard kept asking for you to provide an accountant. No, no, no. The basis of that wasn't the terms. The inquiry into availability has nothing to do with how much time I put in the case. You have to make the decision that the quote-unquote 15 he set aside was ever available. And that's the issue. Procedurally, you cannot proceed until you have satisfied that those funds are currently available. And that has a very specific definition. It's not a basis or part of the merit determination. It's literally the prerequisite before you can even proceed with talking about whether or not you're going to use the funds for this or that. You have to deem them available. And that's the million-dollar question. That determination was never made. Our $15,000 question. Well, yeah. But like I said, and in fact, I would argue to you, Judge, that the opposite determination had been made over and over again that the funds belong to the defendants and not from third parties. And that's the larger issue here. Judge Self or Judge Pryor, do you all have any further questions? Can I ask one question, Chief? Sure. Mr. Lee, in your best argument is that under Bursey, there was never an appropriate inquiry made into whether the funds were available to the defendants or whether they belonged to the third parties. Isn't that the best argument you got? I couldn't have said it any better, Judge. That's pretty much perfect. That determination was never made. And like I said, if that determination had been made and consistently through the proceedings that the funds belong to the defendants and the defendants had funds, then that's where we are. But I would argue the other problem with that is that's not how we started. That was something, like I said, I give Mr. Hertzberg credit for that. That was an idea that came up at almost the end of the process that we go back and try to pretend that that was the basis under which we started. That's all I have. Thank you very much. Thank you. We appreciate it.